## Wolf Estate

*David A. Kraftsow*, for accountants.

SHOYER, J., December 7, 1966.—Decedent, Beatrice Wolf, also known as Beatrice Parker, died July 2, 1964, intestate, survived by a spouse, Louis Wolf, and no children or issue of deceased children, and leaving as the persons entitled to her estate under the intestate laws, as recited in the statement of proposed distribution, her said husband, Louis Wolf; her paternal uncle, Dr. Louis Kuntz; a first cousin, Dr. Jacob Kornblatt, son of decedent's paternal aunt, Malka Kornblatt, who predeceased decedent; a first cousin, Mr. Zisca Ghinsburg, son of decedent's maternal aunt, Pae Ghinsburg, who predeceased decedent; three first cousins, Aaron Bronstein, Ralph Braunstein and Mrs. Brana Baron, being the children of decedent's maternal aunt, Sossa Bronstein, who predeceased decedent; and four first cousins, Mrs. Anna Kalika, Mrs. Minnie Rosenberg, Mrs. Deborah Kauffman and Mrs. Lillian Perry, being the children of decedent's maternal aunt, Bayla Savitsky, who predeceased decedent. All of the aforementioned parties presently in interest are stated to be sui juris except decedent's husband, Louis Wolf, who died September 18, 1964. He left a will upon which letters testamentary were granted to Florence Linsky and Sarah Wolf, executrices. . . .

Section 3 (5) of the Intestate Act of April 24, 1947, P.L. 80, as amended by the Act of December 10, 1959,

P.L. 1747, provides: "If no grandparent survives the decedent, then to the uncles and aunts and the children and grandchildren of deceased uncles and aunts of the decedent".

Section 4, Rules of Descent . . . provides:

". . . (1) Taking in Different Degrees. The shares descending under this act to the issue of the decedent, to the issue of his parents or grandparents or to his uncles or aunts or to their children and grandchildren, shall descend to them as follows: The part of the estate descending to any such persons shall be divided into as many equal shares as there shall be persons in the nearest degree of consanguinity to the decedent living and taking shares therein and persons in that degree who have died before the decedent and have left issue to survive him who take shares therein. One equal share shall descend to each such living person in the nearest degree and one equal share shall descend by representation to the issue of each such deceased person, except that no issue of a grandchild of an uncle or aunt of the decedent shall be entitled to any share of the estate": Verrall Estate, 25 D. & C. 2d 692, 12 Fiduc. Rep. 129; Scheetz Estate, 10 D. & C. 2d 365, 7 Fiduc. Rep. 142.

The Act of December 22, 1965, P. L. 1191, effective *December 22, 1965*, amends section 4(1) of the Intestate Act of 1947 and now provides in part that: ". . . One equal share shall descend to each such living person in the nearest degree and one equal share shall descend by representation to the issue of each such deceased person, except that no issue of a *child of an uncle or aunt* of the decedent shall be entitled to any share of the estate *unless there be no child of an uncle or aunt living and taking a share therein, then* the grandchildren of uncles and aunts of the decedent shall be entitled to share, but no issue of a grandchild of an uncle or aunt shall be entitled to any share of the estate". (Italics supplied.)

However, the 1965 amendment is not effective as to this decedent, who died before its enactment.

It appears from the family tree attached for the first time to accountant's revised statement of proposed distribution that decedent was survived by one uncle on the paternal side, none on the maternal side, and no aunts on either side. There were also nine first cousins and six first cousins once removed. Bayla Savitsky, a deceased aunt, had, in addition to the four children mentioned in the statement of proposed distribution who are still living, two other children, namely, Jack Simmons and Bernard Simmons, both of whom predeceased decedent. Jack Simmons, just mentioned, who died April 10, 1949, was survived by three children, namely: Barry T. Simmons, who is sui juris, Michael Simmons, a minor, who was born September 10, 1947, and Jacqueline Simmons, a minor, who was born October 16, 1949. Bernard Simmons, the other child of Bayla, died July 20, 1963. He was survived by three children, Stephen Simmons, Elliott Simmons and Richard Simmons, each of whom is a minor, the oldest, Stephen, past 20 years of age, and the youngest, Richard, is 17 years of age.

In the circumstances, the 1/5 of the half share of residue as represented by Bayla is divisible into six equal shares, and each of the three children of Bernard and Jack Cimmons is entitled to 1/3 of 1/6 of 1/5, or, 1.111 percent of the one half share; and each of the living children of Bayla is entitled to 3.333 percent of the one half share.

The share, amounting to approximately $60 to each of the grandchildren of Bayla, is directed to be paid to their respective surviving parent for them. . . .

And now, December 7, 1966, the account is confirmed nisi.